IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS



**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 16 2005

JAMES W. McCORMACK, CLERK
By_____
DEP CLERK

UNITED STATES OF AMERICA

v.   No. 4:04CR00176-01 JMM

NORMAN HERBERT STREHL

PRELIMINARY ORDER OF FORFEITURE
Fed.R.Crim.P. 32.2(b)

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea Count I of the Superseding Indictment, and a stipulation of the defendant in which he agreed to the forfeiture the Government sought pursuant to Title 18 U.S.C. § 2253, defendant shall forfeit to the United States:

   a. All property used or intended to be used in any manner or part to commit the commission of offenses involving Title 18 U.S.C. Section 2422(b).

2. The Court has determined, based on the evidence already in the record that the following property is subject to forfeiture pursuant to Title 18 U.S.C. § 2253, and that the government has established the requisite nexus between such property and such offenses:

   (a) a Digital PC CPU serial number KN826FCZH5;

   (b) a Quantx CPU containing no serial number;

   (c) a CPU seized July 2, 2004 containing no serial number;

   (d) 120 CDs; and

ENTERED ON THE DOCKET IN ACCORDANCE
WITH RULE 55, FRCrP, ON 2/17/05
BY_____

(e) any and all computer related equipment seized July 2, 2004 and July 9, 2004 from the residence, business, vehicles, and storage facility of the defendant, including but not limited to monitors, keyboards, speakers, and mouses.

3. Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the above listed property and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

4. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

6. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest

in the Subject Property, and for an amendment of the order of forfeiture, pursuant to Title 21 U.S.C. §853(n)(2).

7. Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period

provided in 21 U.S.C. 853(n)(2) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

SO ORDERED this 16 day of February, 2005.

_____
UNITED STATES DISTRICT JUDGE

jph

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

February 17, 2005

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re:  4:04-cr-00176.

True and correct copies of the attached were mailed by the clerk to the following:usm, uspo, press

    Karen D. Coleman, Esq.
    U. S. Attorney's Office
    Eastern District of Arkansas
    Post Office Box 1229
    Little Rock, AR  72203-1229

    Arkie Byrd, Esq.
    Mays, Byrd & Associates, P.A.
    415 Main Street
    Little Rock, AR  72201-3801

James W. McCormack, Clerk

Date: 2/17/05       BY: [signature]